Susan Rae **BAKER**, Appellant,

v.

**STUART BROADCASTING COMPANY**, **a corporation, et al., Appellees.**

**No. 74–1307.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Nov. 13, 1974.

182

Benjamin M. Wall, Omaha, Neb., for appellant.

Kenneth C. Stephan, Knudsen, Berkheimer, Endacott & Beam, Lincoln, Neb., for appellees.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

BRIGHT, Circuit Judge.

Susan Rae Baker initiated this action against appellees, Stuart Broadcasting Company, the Grand Island Broadcasting Company (an affiliate or subsidiary of Stuart Broadcasting Company), James Stuart and Helen Stuart as 100 percent owners of the stock of the two corporations, and Richard Chapin, president of Stuart Broadcasting Company, alleging that these defendants unlawfully conspired to deprive her of her right to equal protection and due process of law under the Constitution by refusing to employ her at a Grand Island, Nebraska, radio station because of her sex. The action, brought pursuant to 42 U.S.C. § 1985(3) [1], was dismissed by the district court for failure to state a claim under this section.[2] The court ruled that § 1985(3) did not extend be-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Section 1985(3) states in relevant part:
 (3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and ex-
ercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

2. In its dismissal, however, the district court specifically noted that 42 U.S.C. § 2000e–5 of Title VII of the Civil Rights Act of 1964 affords Ms. Baker an opportunity for redress for denial of employment based on sex discrimination.
 At oral argument, the parties advised the court that Ms. Baker has now commenced an action for employment discrimination under Title VII. Apparently Ms. Baker sought relief under § 1985(3) in an attempt to circumvent the delays incident to presenting a

yond racially-motivated conspiracies.[3] We need not pass on the substantive issue of whether § 1985(3) will afford judicial relief for nonracially-motivated conspiracies because the petitioner's amended complaint does not allege an actionable conspiracy cognizable under this statute.

In her complaint, Ms. Baker alleged that on or about April 1, 1973, she applied for an advertising and sales position with radio station KRGI in Grand Island, Nebraska. She further claims that she was tentatively hired for this position but was subsequently advised by defendant-Richard Chapin, president of defendant-Stuart Broadcasting Company, that she would not be hired because she was a female. Ms. Baker's original complaint named Stuart Broadcasting Company as the sole defendant. She subsequently filed an amended complaint adding the additional parties listed above as defendants. Ms. Baker's sole allegation of conspiracy relates "that the corporate and individual defendants herein named conspired to and did deprive plaintiff of her rights * * *." She seeks to extend the purview of § 1985(3) to discriminatory business decisions participated in by members of one business entity.

In dealing with this precise issue of an alleged conspiracy in a business situation, the Seventh Circuit Court of Appeals in Dombrowski v. Dowling, 459 F.2d 190, 196 (7th Cir. 1972), observed:

We * * * believe that the statutory requirement that "two or more persons * * * conspire or go in disguise on the highway," is not satisfied by proof that a discriminatory business decision reflects the collective judgment of two or more executives of the same firm. * * *

[I]f the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will normally not constitute the conspiracy contemplated by this statute.

The record shows that Ms. Baker's complaint is directed at a radio broadcasting company which, through its personnel or owners, declined to employ her. The petitioner does not allege the necessary elements of conspiracy required to maintain a cause of action pursuant to 42 U.S.C. § 1985(3). Dombrowski v. Dowling, *supra*, 459 F.2d at 196; *see* Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir.), cert. denied, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972); Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir. 1971); *cf.* Hill v. McClellan, 490 F.2d 859 (5th Cir. 1974). The district court properly dismissed the action without prejudice to Ms. Baker asserting her claims of employment discrimination in an action pending in district court brought pursuant to 42 U.S. C. § 2000e–5, *see* n. 2, *supra*.

Affirmed.

---

claim before the Federal Equal Employment Opportunity Commission and, thereafter, before the Nebraska Equal Employment Opportunity Commission.

3. The Supreme Court, in Griffin v. Breckenridge, 403 U.S. 88, 102 n. 9, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), specifically reserved the question of whether a nonracially-motivated conspiracy would be actionable under § 1985(3).