Floyd J. KOPS and John J. Keating, Esqs. for the Legal Clinic of Floyd J. Kops and John J. Keating, Esqs., Plaintiffs,

v.

The NEW YORK TELEPHONE COMPANY, Defendant.

No. 77 Civ. 5271.

United States District Court, S. D. New York.

Sept. 19, 1978.

Archibald A. Patterson, New York City, for plaintiffs; Floyd J. Kops, New York City, of counsel.

George E. Ashley, New York City, for defendant; Walter C. Reid, New York City, of counsel.

ROBERT J. WARD, District Judge.

Defendant, The New York Telephone Company ("the telephone company") moves pursuant to Rule 12(c), Fed.R.Civ.P., for judgment on the pleadings on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons hereinafter stated, the motion is granted and the amended complaint is dismissed.

Plaintiffs Floyd J. Kops and John J. Keating are attorneys who operate a low profit, high volume legal clinic. During the second half of 1977, plaintiffs repeatedly requested that an advertisement concerning the availability of the various services offered by their legal clinic be published in the telephone company's 1978 Manhattan Classified Directory ("the yellow pages"). Plaintiffs' ad was carefully drafted to comply with the form of lawyers' advertisement approved by the Supreme Court in *Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). The telephone company, however, declined to accept plaintiffs' ad, stating that it would wait until the various Appellate Divisions of the New York State Supreme Court had an opportunity, in light of the *Bates* decision, to publish revised guidelines on the subject of attorney advertising. Such guidelines were subsequently published but not before the December 6, 1977 closing date for the acceptance of ads in the 1978 yellow pages had passed. According to

plaintiffs, they lost income and were therefore damaged by defendant's refusal to accept their ad.

Plaintiffs commenced this action by filing a complaint and moving by order to show cause for preliminary injunctive relief. Their motion for a preliminary mandatory injunction was denied by this Court on November 21, 1977. Plaintiffs appealed to the Second Circuit, requesting that their appeal be expedited. Their motion for an expedited appeal was denied on December 2, 1977. The appeal itself was subsequently dismissed on January 17, 1978 because of failure to prosecute. On February 3, 1978, at a pre-trial conference held in this Court, plaintiffs agreed to a dismissal of all of their claims for injunctive relief and a written stipulation to that effect was "so ordered" by the Court. Thus, only plaintiffs' claims for $1,200,000 in damages remain.

*Discussion*

■ This Court has jurisdiction pursuant to 28 U.S.C. § 1331(a) to hear the federal questions raised in plaintiffs' amended complaint since the enforcement of rights arising under the constitution and laws of the United States is basic to the relief they seek, and the claims they assert are neither insubstantial nor frivolous. *Bell v. Hood,* 327 U.S. 678, 683, 66 S.Ct. 773, 90 L.Ed. 939 (1945); *Moore v. Central R. Co. of New Jersey,* 185 F.2d 369, 371 (2d Cir. 1950). Jurisdiction is not defeated by the possibility that the complaint might fail to state a claim. That question must be decided after, and not before, the Court assumes jurisdiction. *Bell v. Hood, supra,* 327 U.S. at

682, 66 S.Ct. 773; *Cristina v. Department of State of New York,* 417 F.Supp. 1012, 1015 & n. 3 (S.D.N.Y.1976).

Plaintiffs' amended complaint alleges two claims, first that the defendant's refusal to place their quarter-page legal ad in the yellow pages violated their right to free speech under the first and fourteenth amendments and, second that the telephone company violated 42 U.S.C. § 1985(3)[1] by conspiring to deprive them and all other similarly-situated attorneys of their constitutional rights. Neither of these claims has merit.

■ It is well-settled that the first and fourteenth amendments[2] apply only to governmental action; they do not apply to private persons. *Public Utilities Commission v. Pollack,* 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed. 1068 (1951); *Kuczo v. Western Connecticut Broadcasting Co.,* 566 F.2d 384, 387 (2d Cir. 1977). In attempting to satisfy this state action requirement, plaintiffs, quoting *Evans v. Newton,* 382 U.S. 296, 299, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966), allege that the telephone company's conduct in refusing to accept their ad although "formally 'private'" had become "so entwined with governmental policies or so impregnated with governmental character" as to constitute "state action" within the ambit of the first and fourteenth amendments.[3] Plaintiffs seemingly base their argument on two premises: (1) that the telephone company's refusal to accept their ad pending the New York courts' promulgation of guidelines for lawyers' advertising, without more, demonstrates the requisite state action, and (2) that the telephone company's

---

**1.** 42 U.S.C. § 1985(3) (1970) provides in pertinent part:

> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

**2.** *U.S. Const.* amend. I provides in pertinent part:

> Congress shall make no law . . . abridging the freedom of speech, or of the press.

The prohibitions of the first amendment against government interference are applicable to the states through the fourteenth amendment. *Schneider v. State,* 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155 (1939).

**3.** Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss Amended Complaint p. 3.

monopoly position and extensive regulation by the New York State Public Service Commission indicates state action.

■ Although conduct of a private party may under certain circumstances constitute state action, the conduct alleged by plaintiffs scarcely meets the entwinement test of *Evans v. Newton, supra.* As the Supreme Court noted in *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350–51, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974):

> The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment. . . . Nor does the fact that the regulation is extensive and detailed, as in the case of most public utilities, do so. . . . It may well be that acts of a heavily regulated utility with at least something of a governmentally protected monopoly will more readily be found to be "state" acts than will the acts of an entity lacking these characteristics. But the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. (citations omitted).

*See also Taylor v. Consolidated Edison Co. of New York, Inc.,* 552 F.2d 39, 42 (2d Cir. 1977).

■ Applying *Jackson's* "close nexus" test to the facts of the instant case, it is apparent that the telephone company's refusal to print plaintiffs' ad in its directory may not be properly attributed to the state. The state must be "involved not simply with some activity of the institution alleged to have inflicted injury but with the activity that caused the injury." *Powe v. Miles,* 407 F.2d 73, 81 (2d Cir. 1968); *accord, Graseck v. Mauceri,* 582 F.2d 203 at 210 (2d Cir. 1978); *Taylor v. Consolidated Edison Co. of New York, Inc., supra,* 552 F.2d at 43. Here, plaintiffs have alleged no active participation of the New York State courts in the defendant's refusal to accept plaintiffs' ad. Likewise, there are no factual assertions which, if proved, could lead this Court to conclude that the state courts placed their "imprimatur" on the telephone company's conduct, *Jackson v. Metropolitan Edison Co., supra,* 419 U.S. at 357, 95 S.Ct. 449; *Graseck v. Mauceri, supra,* at 210, by expressing their approval of the defendant's action. Nor is there any allegation in the instant case that the state influenced or encouraged the telephone company to decline lawyers' ads until its guidelines had been issued. In short, the Court is unable to infer state action from the state courts' inaction, the failure to promulgate their suggested guidelines before the closing date for the yellow pages. Accordingly, there being no official involvement in defendant's decision, its conduct may not be attributed to the state and plaintiffs' constitutional claim must be dismissed.

Plaintiffs' second claim, alleging that the telephone company's action violated 42 U.S.C. § 1985(3) similarly fails for at least two reasons.

In *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court established the necessary elements for a legally sufficient complaint. The court stated that a § 1985(3) complaint must aver: (1) a conspiracy between two or more persons intended to deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law and, (2) an act by one of the conspirators in furtherance of the conspiracy which injured another person or deprived him of exercising any right or privilege of a citizen of the United States. *Griffin v. Breckenridge, supra,* 403 U.S. at 102–03, 91 S.Ct. 1790; *see also Girard v. 94th St. & Fifth Avenue Corp.,* 396 F.Supp. 450 (S.D.N.Y.1975), *aff'd,* 530 F.2d 66 (2d Cir. 1976).

■ Viewing the amended complaint in the light most favorable to plaintiffs, and accepting the facts alleged as true, 2A *Moore's Federal Practice* ¶ 12.15, at 2343 (2d ed. 1975), the Court nevertheless finds that plaintiffs have failed to allege facts sufficient to constitute a conspiracy within the meaning of § 1985(3). Plaintiffs have named only one defendant in their amended

complaint. Nowhere in their papers do plaintiffs contend that the telephone company's conduct was anything but a single policy implementation by a single entity or that any of the defendant's officers or employees were motivated by any independent personal stake in achieving the corporation's alleged illegal objective. In fact, plaintiffs provide no details of the required conspiracy other than the bald assertion in paragraph 17 of their amended complaint that defendant has "intentionally and willfully conspired," to deprive plaintiffs of their rights. If, as the Court reads this statement, plaintiffs are alleging that the telephone company in some manner conspired with itself, it is insufficient to state a conspiracy cognizable under the statute. No conspiracy is established under § 1985(3) "if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment." *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir. 1978); *Girard v. 94th St. & Fifth Avenue Corp.,* 530 F.2d 66, 70 (2d Cir. 1976); *accord, Baker v. Stuart Broadcasting Company,* 505 F.2d 181, 183 (8th Cir. 1974); *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir. 1972); *Fallis v. Dunbar,* 386 F.Supp. 1117, 1121 (N.D.Ohio 1974); *Cohen v. Illinois Institute of Technology,* 384 F.Supp. 202, 205 (N.D.Ill.1974).

 Moreover, even if plaintiffs had alleged sufficient facts to establish a cognizable conspiracy under § 1985(3), their claim would be legally insufficient for still another reason. Despite the apparent breadth of the statute's language, the Supreme Court in *Griffin v. Breckenridge, supra,* 403 U.S. at 102, 91 S.Ct. at 1798, held that in order to maintain a § 1985(3) action "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *See also*

*Herrmann v. Moore, supra,* 576 F.2d at 457. The closest plaintiffs come to satisfying this requirement is their allegation, again in paragraph 17, that defendant has "singled out the legal profession as being unsuitable for advertising" in an "arbitrary and capricious" manner. Although the range of possibilities for the composition of a *Griffin* class was left unresolved by the Supreme Court[4] and has not been finally settled in this Circuit,[5] it is clear that § 1985(3) is not to be extended to every class which an imaginative pleader can contrive. Thus, mindful of the Supreme Court's evident concern in *Griffin* over the broad literal sweep of the statute, this Court finds in plaintiffs' amended complaint neither sufficient allegations of the existence of a readily discernible class nor of the invidiously discriminatory animus requisite to a § 1985(3) action. Accordingly, defendant's motion is granted and the amended complaint is dismissed.

It is so ordered.

---

4. The Court merely commented in a footnote that "[w]e need not decide, given the facts of this case, whether a conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable under the portion of § 1985(3) before us." *Griffin v. Breckenridge, supra,* 403 U.S. at 102, 91 S.Ct. at 1798.

5. *See, e. g., Regan v. Sullivan,* 557 F.2d 300, 308 & n. 9 (2d Cir. 1977).