**Emily P. GIVAN, Plaintiff,**

v.

**GREYHOUND LINES, INC., Claud Czekaj, Dennis Yatteau, John Doe I, John Doe II, Defendants.**

No. C–1–83–1959.

United States District Court, S.D. Ohio, W.D.

Aug. 12, 1985.

Richard C. Curry, Charles H. Bartlett, Jr., Cincinnati, Ohio, for plaintiff.

Lawrence J. Barty, Cincinnati, Ohio, Donald R. Day, Phoenix, Ariz., for defendants.

## MEMORANDUM AND ORDER

HERMAN JACOB WEBER, District Judge.

This matter is before the Court upon (1) defendants' Motion to Dismiss Plaintiff's Second Statement of Claim and Plaintiff's Third Statement of Claim insofar as that claim relies upon allegations of sex discrimination in employment, pursuant to Fed.R. Civ.P. 12(b)(6) (doc, no. 10), and (2) defendants' Motion for Partial Summary Judgment (doc. no. 11).

### I

The Court will first review defendants' motion to dismiss.

Plaintiff alleges in her Third Statement of Claim that she was discriminated against on the basis of her sex in violation of 42 U.S.C. § 1981.

■ Section 1981 is not applicable to claims of sex discrimination. *Runyon v. McCrary,* 427 U.S. 160, 168, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976). Consequently, plaintiff's Third Statement of Claim is DISMISSED insofar as it presents a claim of sex discrimination.

Defendants maintain that plaintiff's claim under 42 U.S.C. § 1985(3) is invalid for two reasons. The first is that plaintiff's § 1985(3) claim fails to allege a valid conspiracy.

To come within § 1985(3), a complaint must allege that (1) the defendants did conspire or go in disguise on the highway or on the premises of another, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and that (3) one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, whereby another was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States. *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

■ The complaint in this case reveals that plaintiff has failed to plead any proper claim of conspiracy. Defendants Claud Czekaj and Dennis Yatteau are employees and supervisors for defendant Greyhound Lines, Inc. Plaintiff in fact asserts in paragraph five of the complaint that Mr. Czekaj and Mr. Yatteau at all material times were employees of Greyhound and were acting within the scope of their employment. Thus, under the facts and circumstances in this case, defendants comprise a single legal entity—a corporation acting exclusively through its employees, each within the scope of their employment—not capable of entering into a conspiracy. *Doherty v. American Motors Corp.,* 728 F.2d 334, 339–40 (6th Cir.1984). *See also Girard v. 94th Street & 5th Avenue Corp.,* 530 F.2d 66, 70 (2d Cir.), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976); *Baker v. Stuart Broadcasting Co.,* 505 F.2d 181 (8th Cir.1974), *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir.1972); *Fallis v. Dunbar,* 386 F.Supp. 1117, 1121 (N.D.Ohio 1974), *aff'd.,* 532 F.2d 1061 (6th Cir.1976). *See generally* 52 A.L.R.Fed. 106 (1981). *But see Novotny v. Great American Federal Savings & Loan Association,* 584 F.2d 1235, 1256–59 (3d Cir.1978), *vacated on other grounds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). This case does not present a situation where individuals in a corporation act outside the scope of their employment.

This Court notes that in a criminal context a corporation may be convicted of conspiring with its officers, *United States v. S & Vee Cartage Co.*, 704 F.2d 914 (6th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 343, 78 L.Ed.2d 310 (1984); however, in this case, plaintiff's § 1985(3) conspiracy count must fail, as discussed previously.

■ The defendants' second argument in support of their motion to dismiss the second claim is similarly well taken. The defendants correctly note that § 1985(3) may not be invoked to redress violations of Title VII. *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 372–78, 99 S.Ct. 2345, 2349–52, 60 L.Ed.2d 957 (1979). The plaintiff's complaint alleges acts of employment discrimination in violation of Title VII. Since plaintiff has not articulated in the complaint any other rights, privileges or immunities infringed by the defendants' actions, other than violations of Title VII and § 1981, the § 1985(3) claim fails even if plaintiff could demonstrate a conspiracy.

■ Finally, the plaintiff's 42 U.S.C. § 1986 claim, contained in the Second Statement of Claim, must fail, as it was filed more than one year after the plaintiff's cause had accrued. Additionally, as plaintiff has failed to state a valid § 1985 claim, the § 1986 claim must similarly fail. *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1595, 80 L.Ed.2d 126 (1984).

The motion to dismiss the second claim is GRANTED. The Second Statement of Claim is DISMISSED.

## II

Defendants raise two issues in their Motion for Summary Judgment. Initially, defendants maintain that they should be granted summary judgment on the claim that plaintiff was involuntariy compelled to resign her employment from Greyhound Lines, Inc.

The Agreed Statement of Facts concerning the motion reveals that plaintiff Emily Givan began employment as a bus driver with Greyhound Lines in June, 1982. On or about August 1, 1982, plaintiff was driving a bus which "sideswiped" a guard post at the Knoxville, Tennessee terminal. The "sideswiping incident" was investigated by Greyhound employees Yatteau and Czekaj. On or about September 3, 1982, plaintiff was informed by Mr. Yatteau that because she allegedly failed to report the "sideswiping incident of August 1," she must either resign or be discharged. Plaintiff resigned on September 3, 1982. Defendants Yatteau and Czekaj were supervisory employees of Greyhound. Plaintiff was subordinate to Yatteau, who reported in turn to Czekaj.

Plaintiff filed a grievance challenging her discharge with her collective bargaining representative. The grievance was eventually heard by a Board of Arbitration, and the arbitrator determined that plaintiff voluntarily resigned to gain the advantage of a better paper record for subsequent employment than would have been her "wont" if she had declined resignation and was involuntarily terminated with the option to grieve the just cause of the Company's action. The grievance was therefore dismissed, as plaintiff in the arbitrator's eyes, gave up any right to resort to the grievance procedure to challenge an alleged discharge which never took place.

■ In instituting an action under Title VII, an employee is not seeking review of an arbitrator's decision. Rather, the employee is asserting a statutory right independent of the arbitration process. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 54, 94 S.Ct. 1011, 1022, 39 L.Ed.2d 147 (1974). The Supreme Court went on to state in *Alexander* at 59–60, 94 S.Ct. at 1025:

> ... [T]he federal policy favoring arbitration of labor disputes and the federal policy against discriminatory employment practices can best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective bargaining agreement and his cause of action under Title VII. The federal court should consider the employee's claim *de novo*. The arbitral decision may be ad-

mitted as evidence and *accorded such weight as the court deems appropriate.* (Emphasis added.)

While an arbitration decision in favor of the employer is sufficient to carry the employer's burden of articulating some legitimate, nondiscriminatory reason for the employee's rejection, the arbitrator's decision is not conclusive to the issue, nor even persuasive if the court deems it not to be. *Becton v. Detroit Terminal of Consolidated Freightways*, 687 F.2d 140, 142 (6th Cir.1982), *cert. denied*, 460 U.S. 1040, 103 S.Ct. 1432, 75 L.Ed.2d 791 (1983). *See also Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

Pursuant to Fed.R.Civ.P. 56(c), summary judgment shall not be rendered unless the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Further, the evidence and pleadings must be construed in a light most favorable to the non-moving party.

■ Here, construing the pleadings and evidence most favorably for plaintiff, there is a genuine issue whether plaintiff voluntarily resigned her employment or whether she was the victim of discriminatory behavior by defendant.

Defendants' second branch to its Motion for Summary Judgment raises the issue of dismissal of defendants Yatteau and Czekaj under the First Statement of Claim (42 U.S.C. § 2000e *et seq.*), as defendants assert that plaintiff failed to file Equal Employment Opportunity Commission (EEOC) discrimination charges against the two individual defendants.

A charge under 42 U.S.C. § 2000e must be filed with the EEOC within 180 days of the alleged unlawful employment practice in most cases. Upon compliance with certain procedures, a civil action may be brought against the respondent named in the charge. 42 U.S.C. § 2000e–5(e) and (f)(1).

The charge in this action, filed by plaintiff, listed as the "employer, labor organization, employment agency, apprenticeship committee, state or local government agency who discriminated against me" as Greyhound Lines. The particulars listed by plaintiff are:

    I.  I am a Black female who has worked successfully for the Company since April 26, 1982. I was sexually and otherwise harassed, unjustly disciplined and forced to resign. I feel this is due to my race, Black, and sex, female.

    II.  On September 3, 1982, I was forced to sign a resignation by Dennis Checki (sic), Supervisor. He alleged I failed to report an accident approximately one month earlier, which is untrue.

    III.  I feel that I have been discriminated against because of my sex, female and race, Black, in that:

    A.  I was touched and told I would not pass the D.O.T. test by Fred Daniels, Supervisor, unless I 'went to bed with him.'

    B.  The Company put a Driving Instructor in my bus after I had completed training. This was demeaning, as it was not done with Caucasian male Drivers.

    C.  The Company did not support me in removing an intoxicated passenger from my bus even though I complied with procedures. When I asked for relief on the same trip in Louisville after the passenger had harassed me, I was denied this right even though I had a headache and should not have been forced to return to Cincinnati.

    D.  I attempted to file a grievance, but the Company claimed it was untimely. I did submit it in a timely fashion.

    E.  I feel the Company 'set me up' for constructive discharge because I did report a sideswipe accident in Knoxville to Robert Colvin, Supervisor. He told me no written report was neces-

sary, yet the rule book was quoted to me. There are two conflicting rules. I was forced to resign by Dennis Checki (sic), who said he would discharge me if I did not sign a resignation statement.

 The scope of the EEOC investigation triggered by an EEOC charge defines the substantive limits of a subsequent Title VII action, and also the parties potentially liable in that action. *Terrell v. United States Pipe & Foundary Co.*, 644 F.2d 1112, 1123 (5th Cir.1981), *vacated on other grounds*, 456 U.S. 955, 102 S.Ct. 2028, 72 L.Ed.2d 479 (1982). The rule in the Sixth Circuit is that the EEOC's complaint is limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination. Charges of discrimination, often filed by lay complainants, should not result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading. *Equal Employment Opportunity Commission v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir.1980).

 The scope of the EEOC investigation which should have reasonably grown out of the administrative charge filed by plaintiff would have included Mr. Claud Czekaj and Mr. Dennis Yatteau. In fact, the defendants' names were combined into one name in the particulars set forth by plaintiff in the EEOC charge.

Consequently, both Motions for Summary Judgment are DENIED.

It is so ORDERED.