Sally KERANS, et al., Plaintiffs,

v.

PORTER PAINT COMPANY, INC., et al., Defendants.

Civ. No. C–1–86–0848.

United States District Court,
S.D. Ohio, W.D.

Feb. 24, 1987.

James Dennis, Dayton, Ohio, for plaintiffs.

R. Gary Winters, Arnold Morelli, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on defendant Porter Paint Company, Inc.'s Motion to Dismiss (doc. nos. 4, 10) and on defendant Al Levine's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (doc. nos. 6, 11). Plaintiffs have brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e —2000e–17 (Title VII), under 42 U.S.C. § 1983 and under 42 U.S.C. § 1985(3), and have asserted pendent state claims.

## I. FACTS

The plaintiffs in this action are Sally Kerans (Kerans) and her husband, Lewis Kerans. When the events giving rise to this action took place, Kerans was employed as a decorator by defendant Porter Paint Company, Inc. (Porter Paint). Porter Paint is a Kentucky corporation licensed by the state of Ohio to do business in the state. The other defendant in this action is Al Levine (Levine), the manager of Porter Paint's store in the Kenwood area of Cincinnati, Ohio, where Kerans also worked. Kerans asserts that on September 5, 1985, while both she and Levine were at work, Levine made a series of sexual advances toward her.

It is Kerans' contention that Porter Paint maintained a hostile working environment, in violation of 42 U.S.C. § 2000e, by permitting Levine's sexual harassment to take place. Kerans also asserts that by virtue of being licensed and engaging in business in the state Porter Paint and Levine acted under color of state law to deny her right to be secure in her person and personal effects, and her right to privacy under the first, ninth, and fourteenth amendments to the United States Constitution, in violation of 42 U.S.C. § 1983. Kerans' third federal claim is based on her assertion that Porter Paint and Levine conspired to deprive her of the constitutional rights described above, in violation of 42 U.S.C. § 1985(3). In addition Kerans brings state common law claims against both Porter Paint and Levine for assault and battery and intentional or negligent infliction of emotional distress, and against Porter Paint for failure to provide a safe workplace, failure to warrant or protect Kerans as a business invitee or frequenter, and negligence in hiring or retaining Levine. Plaintiff Lewis Kerans' state law claim is for loss of consortium.

## II. TITLE VII CLAIM

■ It is well settled that as a prerequisite to bringing a cause of action in federal

court under Title VII, a plaintiff must file a timely charge of unlawful employment practice with the Equal Employment Opportunity Commission (EEOC) and receive and act upon the EEOC's statutory notice of right to sue. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974) (Title VII "specifies with precision the jurisdictional prerequisites that an individual must satisfy" before filing in federal court); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); 42 U.S.C. § 2000e—5(a-f). The purpose of these statutory jurisdictional prerequisites is to provide an opportunity to settle disputes through conciliation and to encourage cooperation and voluntary compliance as "the preferred means" for eliminating discriminatory employment practices. *Alexander*, 415 U.S. at 44, 94 S.Ct. at 1017.

Courts have repeatedly held that where plaintiff has failed to exhaust the administrative requirements of Title VII he is barred from bringing a Title VII action in federal court. *Parsons v. Yellow Freight System, Inc.*, 741 F.2d 871 (6th Cir.1984); *Jerome v. Viviano Co., Inc.*, 489 F.2d 965 (6th Cir.1974). Kerans does not allege that she has in any way complied with the jurisdictional prerequisites of Title VII. This Court therefore lacks subject matter jurisdiction over Kerans' Title VII claim. Accordingly, Kerans' Title VII claim is hereby dismissed.

## III. ADDITIONAL FEDERAL CLAIMS

The parties to this action have submitted affidavits and other documents outside the pleadings. Therefore, in accordance with the procedure provided for in Fed.R.Civ.P. 12(b), Levine's and Porter Paint's motions to dismiss Kerans' § 1983 claim and § 1985 claim for failure to state a claim upon which relief can be granted will be treated as motions for summary judgment and disposed of as provided in Fed.R.Civ.P. 56. The summary judgment standard in this circuit is a strict one. Fed.R.Civ.P. 56(c) permits a court to grant summary judgment only when there is no genuine issue as to any material fact and when the mov-

ing party is entitled to prevail as a matter of law. *Tee-pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193, 1195 (6th Cir.1974). The court must construe the evidence in the entire record, and all the inferences to be drawn therefrom, in the light most favorable to the party opposing the motion. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

### A. § 1983 Claim

In order to maintain a claim under § 1983 a plaintiff must demonstrate that the defendant has deprived him of a right secured by the Constitution and laws of the United States and that the deprivation occurred under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978); *Bier v. Fleming*, 717 F.2d 308, 310 (6th Cir.1983), *cert. denied*, 465 U.S. 1026, 104 S.Ct. 1283, 79 L.Ed.2d 686 (1984). In her second claim for relief Kerans alleges that Porter Paint's and Levine's conduct deprived her of her right to be secure in her person and personal effects, and her right to privacy under the first, ninth and fourteenth amendments to the United States Constitution. She further asserts that Porter Paint and Levine were acting under color of state law "by being licensed and/or engaging in business in Ohio" (doc. no. 1 at par. 12). Porter Paint and Levine contend that, as a matter of law, neither being licensed by the state of Ohio to do business nor engaging in business in the state of Ohio, without more, is action "under color of state law," for the purposes of § 1983. This Court agrees.

In order to hold a private entity liable under § 1983 the plaintiff must show that his conduct is fairly attributable to the state, that is, that his conduct is "state action." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982) (holding that conduct which satisfies "state action" requirement of fourteenth amendment also satisfies "under color of state law" requirement of § 1983). To determine whether a

private actor's conduct constitutes "state action," there must be "a sufficiently close nexus" between the actor's conduct and the state to warrant attribution of that conduct to the state. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). Such a nexus has been found to exist where the private actor has exercised powers "traditionally the exclusive prerogative of the state," *Jackson,* 419 U.S. at 353, 95 S.Ct. at 455, or where the state has exerted coercive power or "significant encouragement" with regard to the particular challenged private conduct. *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982) (citations omitted).

■ The nexus test is not met, however, where the sole connection between the state and a private defendant's challenged actions is the fact that the defendant is in some way regulated by the state. The Supreme Court has clearly stated that the "mere fact that a business is subject to state regulation does not by itself convert its action into that of the state." *Jackson,* 419 U.S. at 350, 95 S.Ct. at 453. Indeed, even where a private entity is subject to extensive regulation by the state, its alleged discriminatory conduct will not be attributed to the state unless it can be shown that the state's regulation *dictated* that conduct. *Crowder v. Conlan,* 740 F.2d 447, 451 (6th Cir.1984) (private hospital's denial of emergency room privileges and curtailment of surgical privileges is not state action for purposes of § 1983).

■ That something more than the mere fact of state licensing must be shown in order to support an assertion that a private entity has acted under color of state law is fatal to Kerans' § 1983 claim. Kerans has alleged only that Porter Paint is licensed to do business in Ohio and that both it and Levine are engaging in business in the state. She has not asserted (nor could she) that the state of Ohio, through its business-licensing function, has somehow coerced or encouraged Porter Paint and Levine to engage in the sexual harassment and deprivation of rights which form the basis of her claim. In short, there is simply no basis

for a finding that the state is "intimately involved in the challenged private conduct," so as to hold that the conduct was under color of state law, as required by § 1983. *Bier v. Fleming,* 717 F.2d 308, 311 (6th Cir.1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1283, 79 L.Ed.2d 686 (1984). Kerans has failed to show that Porter Paint and Levine acted under color of state law. She cannot, as a matter of law, prevail under § 1983. This Court therefore grants Porter Paint's and Levine's motions for summary judgment on Kerans' § 1983 claim.

### B. § 1985(3) Claim

To state a cause of action under § 1985(3)

> a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

*Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Porter Paint and Levine contend that Kerans' § 1985(3) claim is barred because it fails to establish a conspiracy, as *Griffin* requires. For the reasons that follow this Court holds that Porter Paint's and Levine's actions do not constitute a conspiracy with the meaning of § 1985(3).

■ Kerans asserts that at all times material Levine was acting within the scope of his employment with Porter Paint, and that Porter Paint and Levine "intentionally, wilfully, wantonly, or otherwise unlawfully conspired" to deprive her of her constitutional rights (doc. no. 1 at par. 15). Yet it is well settled that in civil conspiracy a corporation cannot conspire with its agents or employees. *Doherty v. American Mo-*

*tors Corp.,* 728 F.2d 334, 339 (6th Cir.1984) (complaint alleging conspiracy between corporation and its in-house counsel fails to present prima facie proof of conspiracy under 42 U.S.C. § 1985(2); judgment for plaintiff vacated). The *Doherty* court stated:

> It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more that a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.

728 F.2d at 339 (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911, 914 (5th Cir.1952), *cert. denied,* 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953)). Courts have repeatedly applied this reasoning, as did the *Doherty* court, in cases arising under 42 U.S.C. § 1985. *See, e.g., Herrmann v. Moore,* 576 F.2d 453 (2d Cir.) (law school and its trustees and employees cannot conspire; summary judgment for defendants on § 1985(2) claim affirmed), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978); *Givan v. Greyhound Lines, Inc.,* 616 F.Supp. 1223 (S.D.Ohio 1985) (where complaint alleges that defendant employees were at all times material acting within scope of employment with defendant corporation, it fails to allege valid conspiracy under § 1985(3)). Porter Paint's and Levine's acts are, therefore, "essentially a single act by a single corporation acting exclusively through its [employee]." *Herrmann,* 576 F.2d at 459. There is thus no genuine issue as to the existence of a conspiracy in this action, and Porter Paint and Levine are entitled, as a matter of law, to prevail on Kerans' § 1985(3) claim.

### IV. CONCLUSION

For the foregoing reasons Porter Paint's and Levine's motions to dismiss Kerans' Title VII claim for lack of subject matter jurisdiction are hereby GRANTED. In addition, since there is no genuine issue of material fact as to Porter Paint's having acted under color of state law and since, therefore, both defendants must prevail against Kerans' § 1983 claim as a matter of law, summary judgment is hereby GRANTED in favor of both Porter Paint and Levine on Kerans' § 1983 claim. Similarly, summary judgment is GRANTED in favor of both Porter Paint and Levine on Kerans' § 1985(3) claim, because there is no genuine issue of material fact regarding the existence of a conspiracy, and because Porter Paint and Levine are therefore entitled to prevail as a matter of law. In view of the manner in which this action has been decided, the Court declines to reach the issues raised by both defendants as additional grounds for dismissal of Kerans' federal claims.

Having dismissed plaintiffs' federal claims the Court declines to exercise pendent jurisdiction over plaintiffs' state claims, and those claims are hereby dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

IT IS SO ORDERED.