**Sharon RENNICK, Plaintiff,**

v.

**CHAMPION INTERNATIONAL CORP., et al., Defendants.**

**No. C–1–84–1487.**

United States District Court, S.D. Ohio, W.D.

Aug. 28, 1987.

George E. Yund, Trial Atty., Frost & Jacobs, Cincinnati, Oh., for defendants (Randolph H. Freking of counsel).

Sharon Rennick, pro se.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendants' Motion for Summary Judgment (doc. no. 47), plaintiff's Motion for Summary Judgment (to be considered a Motion contra to the Motion of defendants) (doc. no. 50), the Motions contra of plaintiff

(doc. nos. 56 & 57), Motion to File Fourth Amended Complaint (doc. no. 44) and Motion to File Fifth Amended Complaint (doc. no. 45).

In this case, plaintiff claims that her rights secured by 42 U.S.C. § 1981, 42 U.S. C. § 1985(3), 42 U.S.C. § 2000e *et seq.* (Title VII) and various state laws have been violated by the defendants. Defendants represent to this Court that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law in their favor.

In the "Opinions and Award of the Arbitrator" at page 4, it is stated that, with respect to the June 27, 1984 event and all events thereafter, the evidence is a maze of serious testimonial conflict. While this is a conclusion, it is supported by a review of the other documents in the file and testimony of the witnesses which are available to the Court.

Having concluded that there are genuine issues of fact, we must continue our inquiry to determine, whether, after resolving all evidentiary conflicts in favor of the plaintiff, defendants or any of them are entitled to judgment on any of plaintiff's claims as a matter of law.

■ It is undisputed that plaintiff filed no charges of discrimination against individual defendants either with the Equal Employment Opportunities Commission ("EEOC") or the Ohio Civil Rights Commission ("OCRC"). Under the facts of this case, such inaction or omission precludes the subsequent filing of a civil suit under Title VII. *See EEOC v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086, 1092 (6th Cir.1974); (doc. no. 11). Accordingly, the individual defendants are GRANTED judgment of dismissal against the plaintiff as to her claims under Title VII.

■ In their arguments ID, IE, and IF, defendants claim that they are entitled to judgment in their favor upon plaintiff's claim under 42 U.S.C. § 1985(3).

To come within § 1985(3), plaintiff must allege and prove that (1) the defendants did conspire or go in disguise on the highway or on the premises of another, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and that (3) one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, whereby another was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States. *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971).

The Complaint and facts supplied by plaintiff in this case reveal that plaintiff has failed to establish any proper claim of conspiracy. Defendants Stephens, Wilson, Jones, Stewart and Croucher are employees and/or supervisors for defendant Champion. All incidents proffered to this Court as leading to plaintiff's discharge occurred while all parties were at work on the business of Champion on Champion premises. Thus, under the facts and circumstances in this case, defendants comprise a single legal entity—a corporation acting exclusively through its employees, each acting within the scope of their employment—not capable of entering into a conspiracy. *Doherty v. American Motors Corp.,* 728 F.2d 334, 339–40 (6th Cir.1984). *See also, Girard v. 94th Street & 5th Avenue Corp.,* 530 F.2d 66, 70 (2d Cir.), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976); *Baker v. Stuart Broadcasting Co.,* 505 F.2d 181 (8th Cir.1974), *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir.1972); *Fallis v. Dunbar,* 386 F.Supp. 1117, 1121 (N.D.Ohio 1974), *aff'd.,* 532 F.2d 1061 (6th Cir.1976). *See generally* 52 A.L.R.Fed. 106 (1981). *But see Novotny v. Great American Federal Savings & Loan Association,* 584 F.2d 1235, 1256–59 (3d Cir.1978), *vacated on other grounds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). This case does not present a situation where individuals in a corporation acted outside the scope of their employment.

This Court notes that in a criminal context a corporation may be convicted of conspiring with its officers, *United States v. S & Vee Cartage Co.,* 704 F.2d 914 (6th Cir.

1983), *cert. denied,* 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1984); however, in this case, plaintiff's § 1985(3) conspiracy count must fail, as discussed.

■ The defendants correctly assert that § 1985(3) may not be invoked to redress violations of Title VII. *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 373–78, 99 S.Ct. 2345, 2349–52, 60 L.Ed.2d 957 (1979). The defendants are GRANTED judgment of dismissal against plaintiff as to her claims under § 1985(3).

■ It is well settled that 42 U.S.C. § 1981 affords a federal remedy against discrimination in private employment on the basis of race, *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975), and is applicable to racial discrimination against white persons in private employment. *McDonald v. Santa Fe Trail Transportation Co.,* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976).

Defendants argue that plaintiff should not be considered entitled to the protection of 42 U.S.C. § 1981 in this case. Reviewing the materials presented pursuant to Rule 56, the individual defendants' actions can be summarized as follows: Lewis "Wormy" Wilson initiated the chain of events of June 27, 1984, when he told plaintiff to stay away from Howard because he was black. Wilson had the authority to give certain orders. (Croucher Depo., page 53, line 13) (Rennick Depo. 2/28/85, page 85, line 3–12). Wilson also involved Dave Stewart, the assistant general foreman, in the events. (Rennick Depo., 11/27/84, page 167, line 5–7). In her testimony at pages 169–170 of the November 27, 1984, deposition, plaintiff states at line 23—"He, (Wilson) said, 'Go talk to Dave. Dave wants you upstairs.' I thought it was a joke. I thought what are these people up to? I said, 'It doesn't matter if he is black or white. I don't care.' I didn't at the time." At page 177, lines 12–14, plaintiff further quotes Wilson as saying, "People in here are against the nigger."

William (Wah Wah) Jones hung the polka-dotted flag. Joseph Stephens, also appearing in the depositions as "Joe Stevens" and "Joe Stephenson," was the foreman and immediate supervisor of plaintiff. In late May, an incident between Stephens and plaintiff occurred which caused her to complain. (Rennick Depo., 11/27/84, pages 122–127). On June 26, 1984, Stephens watched the water fight with Howard and laughed at plaintiff. (Rennick Depo., 2/28/85, page 16, line 18, page 17, line 11). After Jones hung the flag, plaintiff went to Stephens for help, at which time the following occurred:

Q: All right. Okay. Now, tell me about this grabbing thing. What exactly did he do and say?

A: Well, he (Joe Stephens) is a rather big man and he just grabbed me by my shoulders, put a hand on each one, and we were standing face to face, and he kept asking me and he said, 'Listen to me. We feel as though for your own good that you ought to know that Michael is black.'

Q: Okay. Did he say anything else?

A: I said, 'Who is we? You are the company. You are telling me the company wants me to know that Michael is black? That I shouldn't socialize with Michael;' and he said 'That's right. I could lose my job for this.'

. . . .

A: Let me think. As we were talking or more or less arguing, and when he told me he could lose his job for this, he told me the day before, 'You two get too much attention.' He told me he's known for a month that Michael was black.

Q: I am confused. Joe said something to you about this the day before; is that what you said?

A: He said—Michael and I must have got in the water fight the day before the flag was hung. He said we had got too much attention the day before.

Q: This was during the meeting on the 27th with Joe. He said you two had gotten too much attention the day before?

A: Yes.

Q: What else did he say?

A: He had told me that I got too much attention the day before with the water fight with Michael, and I said 'Well, I don't understand it.' I said, 'How long has this been going on,' and he said that he had known for a month that Michael was black.

I said, 'If you have known for a month, how long has everybody else thought that he was black and that he and I were socializing in the wrong way?''

Croucher stated at page 39 of her deposition that no investigation was conducted of the incident and plaintiff states that nothing was done and the harassment continued.

In *Patterson v. McLean Credit Union*, 805 F.2d 1143 (4th Cir.1986), the Court stated that instances of racial harassment may implicate the terms and conditions of employment under Title VII and, of course, may be probative of the discriminatory intent required to be shown in a § 1981 action.

In this case, the harassment by Wilson and Jones rose to that level when plaintiff was given the "flag award" followed by the physical discipline administered by Stephens. It can be inferred from the evidence that these three, along with Stewart, in the course of their employment with Champion, determined to discipline plaintiff for her water fight and relationship with Howard because, in their opinion, he was black, thus violating plaintiff's rights protected by Title 42 U.S.C. § 1981.

On the other hand, Croucher merely inquired whether Howard was black, had a discussion with Sutton during which she expressed certain opinions, took plaintiff to the restroom and to get medical attention after the confrontation with Stephens. When Croucher returned to work, she did her own job as well as plaintiff's job, in technical violation of the labor agreement, for the rest of the day. Plaintiff did not have any further significant contact with Croucher until *after* plaintiff was terminated, when Croucher testified in this and related proceedings. Croucher's performance of plaintiff's work on the day in question and her other conduct do not constitute harassment nor give any suggestion of her intentional participation with the others in the events leading up to the discharge of plaintiff.

There is no cause of action under 42 U.S.C. § 1981 implied by the facts of this case against Croucher. There is, however, against Wilson, Jones, Stephens, Stewart and Champion.

Directors, officers, and employees of corporation may become personally liable when they intentionally cause infringement of rights protected by § 1981, regardless of whether the corporation may also be held liable; if members of tenure committee at college were personally involved in discrimination against plaintiff, and if they intentionally caused college to infringe on plaintiff's § 1981 rights, or if they authorized, directed, or participated in alleged discriminatory conduct relating to denial of tenure to plaintiff, they could be held liable.

*Al–Khazraji v. St. Francis College*, 784 F.2d 505 (3d Cir.1986).

For the first time, in the proffered Fifth Amended Complaint, plaintiff mentions her union. The allegations of the proffered Fifth Amended Complaint are, otherwise, the same as the Third Amended Complaint and the proffered Fourth Amended Complaint which added Croucher as a named defendant. With the proffering of the Fifth Amended Complaint, the proffer of the Fourth Amended Complaint was abandoned. For the reasons previously discussed regarding Croucher, no cause of action on behalf of plaintiff exists against Croucher. Further, in the proffered Fifth Amended Complaint, plaintiff makes no allegations indicating a cause of action under Section 301, and presents no materials pursuant to Rule 56 to this Court giving any implication that a cause of action could be established against the Union under Section 301. Plaintiff's Motions to file the Fourth and Fifth Amended Complaints (doc. nos. 44 and 45) are therefore DENIED.

Defendants additionally request judgment in their favor on the state claims.

These claims are before this Court pursuant to its pendent jurisdiction.

Federal pendent jurisdiction is discretionary. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966); *Foltzer v. Lodge & Shipley Co.,* 636 F.Supp. 843 (S.D.Ohio 1986). This Court has repeatedly and consistently held that this Court will exercise that discretion to refuse to hear state law claims appended to federal claims. *Foltzer, supra* (Judge Weber); *Smith v. Meijer of Ohio, Inc.,* 566 F.Supp. 113 (S.D.Ohio 1983) (Judge Porter); *Wirth v. Dayton Walther Corp.,* No. C-3-85-693 (S.D.Ohio September 8, 1986) (Judge Rice); *Shoemaker v. Southland Corp.,* No. C-1-84-1140 (S.D.Ohio September 29, 1986) (Judge Holschuh); *Goff v. Kroger Co.,* No. C-1-85-1350 (S.D.Ohio November 7, 1986) (Judge Weber); *Bockenstette v. Buckhorn, Inc.,* No. C-1-84-1977 (S.D.Ohio July 16, 1986) (Judge Weber), unless such jurisdiction is required in order to administer justice as to the federal claims.

If this Court is to serve its proper function, its time must be carefully guarded and conserved in order that it be the protector of the rights of the people guaranteed them by the U.S. Constitution and the federal laws. *See Goff, supra.* While there is no material presented to the Court which implies any cause of action against defendants under Ohio Rev.Code § 4123.90, this Court, following the foregoing, determines that plaintiff's pendent state claims be DISMISSED WITHOUT PREJUDICE.

In conclusion, this Court is convinced that plaintiff is entitled to proceed to trial on her claims under Title VII against Champion and on her claims against Champion, Wilson, Jones, Stewart and Stephens under 42 U.S.C. § 1981; that her claims under state law are not essential to the granting of relief under the federal law and, are DISMISSED WITHOUT PREJUDICE; that the plaintiff's claims under 42 U.S.C. § 1985(3) and her claims under Title VII against Wilson, Jones, Stewart and Stephens are DISMISSED. Accordingly, the Motion for Summary Judgment of the defendants is DENIED IN PART and GRANTED IN PART (doc. no. 47). Plaintiff's Motion for Summary Judgment is considered as a memorandum (doc. no. 50). Defendants' Motion for Sanctions (doc. no. 40) is held in abeyance until after trial, defendants' Motion for Leave to File Supplemental Memoranda (doc. no. 67) is GRANTED.

It is the understanding of the Court that defendants' Motion under Rule 35 (doc. no. 39) is MOOT, however, the alternative request under Rule 37 is held in abeyance until after trial.

Plaintiff's Motion to Admit Tape (doc. no. 46) is GRANTED subject to proof at trial that it is admissible under the Rules of Evidence.

With this Order, it is the understanding of this Court that all motions and requests relevant to this lawsuit have been decided and the case is ripe for Joint Final Pre-Trial Order and trial assignment.

There are pending two Motions filed by plaintiff (doc. nos. 68 and 69) which involve disputes among plaintiff and others who are not defendants in this lawsuit which are before the Court and will be addressed in due course.

IT IS SO ORDERED.