Rhoda **GROSSBARD**, Rhoda Grossbard, Conservator of the Property of Jules Grossbard, David Gordon, David Gordon Attorney–In–Fact For Rhoda Grossbard, Plaintiffs,

v.

**PRESIDENT CONTAINER, INC.,** Marvin Grossbard, George Grossbard, Marvin Grossbard and George Grossbard, as Executors of the Estate of Rose Grossbard, Jilldarvy Realty Corporation, Defendants.

**In the Matter of the ESTATE OF Rose GROSSBARD, Deceased.**

No. 93 Civ. 0435 (WCC).

United States District Court, S.D. New York.

Jan. 7, 1993.

Rhoda Grossbard, pro se.

David Gordon, pro se.

Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, New York City, for defendants.

### OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiffs Rhoda Grossbard and David Gordon bring this action pro se against President Container, Inc. ("PCI"), and Marvin and George Grossbard ("the Grossbards") individually and as executors of the estate of Rose Grossbard. Twelve years ago we dismissed this family dispute for lack of jurisdiction. Nothing has changed in the past twelve years to make us rule differently today. Hence defendants' current motion to dismiss for lack of jurisdiction is once again granted and the Complaint is dismissed with

prejudice. Defendants' motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, however, is denied.

### BACKGROUND

In 1981 plaintiff Rhoda Grossbard filed claims in this Court for breach of contract, false representation, conversion and duress in connection with the settlement of a prior dispute against PCI and the Grossbards. We dismissed the complaint on jurisdictional grounds for lack of diversity of citizenship.

In the twelve years since our first dismissal, plaintiff has filed similar complaints against the same defendants in New York and New Jersey state courts to no avail. Plaintiff now returns to this Court pro se with her son, David Gordon, as a second plaintiff. While the Complaint is at best confusing, it appears that plaintiffs are incorporating the original and amended complaints filed in New Jersey Superior Court and New Jersey Chancery Court, which assert claims for breach of contract and extortion and request an accounting of the estate of Rose Grossbard.

For the reasons discussed below, defendants' motion to dismiss is granted, but their motion for Rule 11 sanctions is denied.

### DISCUSSION

*I. Motion to Dismiss for Lack of Subject Matter Jurisdiction*

**A. Diversity Jurisdiction Under 28 U.S.C. § 1332**

As explained in our prior opinion, we do not have subject matter jurisdiction under 28 U.S.C. § 1332 because there is not complete diversity of citizenship. Plaintiff Rhoda Grossbard is a citizen and resident of New York. Defendant PCI is incorporated in New York, and thus is also a citizen of New York. Hence there is no diversity and this Court lacks jurisdiction. *See Grossbard v. President Container, Inc.,* No. 81–1704, slip op. at 3 (S.D.N.Y. Sept. 21, 1981) (citing *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 530–31, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967)).

Plaintiffs argue that PCI is not a resident of New York because, contrary to what this Court found in 1981, PCI is incorporated in New Jersey, not New York.[1] Plaintiffs point to three documents signed in 1965 by George Grossbard, President of PCI, which bear the impression of a seal reading "President Container, Inc., Incorporated New Jersey." Rather than producing these documents in full, plaintiffs submit photocopies of the lower portions revealing only Mr. Grossbard's signature and the purported seal.

In response, PCI submits Certification by the Secretary of State of the state of New York verifying PCI's status as a New York corporation, and a Certificate of Standing issued by the state of New Jersey which confirms that PCI is a foreign corporation in New Jersey. In addition, PCI submits an affidavit by Marvin Grossbard, President of PCI, stating that PCI was incorporated in 1955 in the state of New York, and that while PCI has been qualified to do business in New Jersey since 1966, it has never been incorporated in New Jersey.

We are convinced, just as we were twelve years ago, that PCI is in fact a New York corporation. Plaintiffs have not produced any records from the states of New Jersey or New York contradicting the certifications submitted by PCI. And even if PCI did use at one time, whether inadvertently or intentionally, a seal indicating that it was a New Jersey corporation, such conduct could not change its actual state of incorporation for purposes of diversity. As the official records reveal, PCI is in fact incorporated in the state of New York, and because plaintiff is also a citizen of New York, there is no diversity of citizenship.

### B. Federal Question Jurisdiction Under 28 U.S.C. § 1331

■ Pursuant to 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The instant Complaint asserts that the action "arises under the Fifth and Fourteenth Amendment, Section 1, to the Constitution of the United States." Compl. ¶ 1. Plaintiffs suggest that their constitutional rights were implicated when "[p]laintiff was unconstitutionally denied access to the proper forum in New Jersey, sent back to New York with an abdication of jurisdiction by New Jersey's courts, which New York's courts refused to recognize or even comment on, and has never had her case heard on the merits anywhere." Compl. ¶ 9.

■ Plaintiffs fail to appreciate the fundamental concept of "state action." The Fifth and Fourteenth Amendments are implicated, and hence confer jurisdiction, only when government action is involved. *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461, 72 S.Ct. 813, 820, 96 L.Ed. 1068 (1952); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924, 102 S.Ct. 2744, 2746, 73 L.Ed.2d 482 (1982). The instant case is a dispute between private parties. While plaintiffs argue that they have been unfairly treated by various state officials, none of these officials is named in the instant case. Rather, the Complaint alleges that PCI and the Grossbards breached a contract and committed various frauds against plaintiffs. This alleged conduct by private parties does not constitute "state action." *See, e.g., Kops v. New York Telephone*, 456 F.Supp. 1090, 1093–94 (S.D.N.Y.1978), *aff'd*, 603 F.2d 213 (2d Cir. 1979). Plaintiffs cannot simply invoke the federal constitution in a private action and expect this assertion to confer jurisdiction on this Court. There is no federal question involved in this case and hence no jurisdiction based on § 1331.[2]

### II. Motion for Rule 11 Sanctions

■ The defendants request that plaintiffs be sanctioned under Federal Rule of Civil Procedure 11 because the instant Complaint is "just the latest chapter in a long saga of baseless and frivolous claims brought against

---

1. Plaintiffs now apparently withdraw this argument, but we are addressing the issue because it is in the Complaint.

2. Because we are dismissing the Complaint for lack of jurisdiction, we find it unnecessary to address defendants' alternative arguments, although there are obvious statute of limitations problems.

defendants over a period of more than 12 years."

While we agree that the filing of the instant Complaint constituted a waste of time for defendants and this Court, we give deference to the pro se status of plaintiffs. Moreover, because we are dismissing the case on jurisdictional grounds we are not in a position to judge the frivolity of the claims alleged. Hence we decline to issue sanctions, but dismiss the Complaint with prejudice.

## CONCLUSION

The Complaint is dismissed with prejudice because this Court lacks subject matter jurisdiction. Defendant's Motion for Sanctions under Federal Rule of Civil Procedure 11, however, is denied.

SO ORDERED.