Albert H. FOLTZER, et al., Plaintiffs,

v.

LODGE & SHIPLEY CO., Defendant.

No. C-1-84-1484.

United States District Court,
S.D. Ohio, W.D.

June 13, 1986.

Paul H. Tobias, Tobias & Kraus, Cincinnati, Ohio, for plaintiffs.

Earl Jay Maiman, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN JACOB WEBER, District Judge.

This matter is before the Court upon defendant's Motion for Partial Summary Judgment or, in the Alternative, for an Order Dismissing Plaintiffs' Pendent State Claims Without Prejudice (doc. no. 12), plaintiffs' Response to Defendant's Motion (doc. no. 13), and defendant's Reply Memorandum (doc. no. 16).

The basis for this Court's jurisdiction arises from plaintiffs' claim of violations of the Age Discrimination in Employment Act ("ADEA") in Title 29 U.S.C. Section 621 *et seq.* as amended (1978). Since diversity is absent in this case, the age discrimination claims under Ohio Rev.Code § 4101.17 are brought to this Court on the theory of pendent jurisdiction.

The doctrine of pendent jurisdiction is one of discretion and not of plaintiff's right. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Unnecessary decisions of state law should be avoided by the federal courts as a matter of comity, to promote justice between the parties and to ensure fairness to all litigants. *Id.* This philosophy is especially significant where, as in this case, the state law is in a stage of development. While it is this Court's judgment that damages for emotional distress are not available under the state statute, it notes that the issue of appropriate remedies for age discrimination under the Ohio statute are still arguable and thus are better left to the Ohio courts for ultimate resolution.

The purpose and philosophy of this Court remains as it was expressed in *Ackman v. Ohio Knife Company,* 589 F.Supp. 768, in which the identical issue was argued. The duty of this Court is to redress any constitutional violations of fundamental civil liberties by administering the federal law and by determining the appropriate damages for a valid claim under 29 U.S.C. § 623. This is a very high purpose and to fulfill this duty, it is imperative that the energies of this Court be focused on enforcing the Constitution and statutes of the United States rather than to determine state law disputes, particularly between citizens of the same state.

Accordingly, in the exercise of discretion and in an attempt to enforce the civil rights of the plaintiff, the Court hereby GRANTS defendant's Alternative Motion and hereby DISMISSES all state law claims WITHOUT PREJUDICE.

IT IS SO ORDERED.