**Richard W. GOFF, Plaintiff,**

v.

**The KROGER COMPANY, Defendant.**

**No. C–1–85–1350.**

United States District Court,
S.D. Ohio, W.D.

Nov. 7, 1986.

James B. Helmer, Cincinnati, Ohio, for plaintiff.

Robert G. Stachler, Thomas R. Schuck, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN JACOB WEBER, District Judge.

This matter is before the Court upon defendant's Motion to Dismiss the several state claims which are pendent to the federal age discrimination claim in this case. Plaintiff opposes the dismissal of the pendent claims.

The basis for this Court's jurisdiction arises from plaintiff's claim of violations of the Age Discrimination in Employment Act ("ADEA") in 29 U.S.C. § 621 *et seq.* as amended (1978). Since diversity is absent in this case, the age discrimination claims under Ohio Rev.Code § 4101.17 and the additional state claims are brought to this Court on the theory of pendent jurisdiction.

The doctrine of pendent jurisdiction is one of discretion and not of plaintiff's right. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Unnecessary decision of state law should be avoided by the federal courts as a matter of comity, to promote justice between the parties, and to insure fairness to all litigants. *Id.*

This philosophy is especially significant where the state law is in a stage of development such as in this case. For example, the issue of appropriate remedies for age discrimination under the Ohio statute are not settled and should be left to the Ohio courts for ultimate resolution. *Mitroff v. Xomox Corp.,* 797 F.2d 271 (6th Cir.1986).

The exercise of judicial economy in the federal district courts is of paramount importance. The Congress of the United States of America wisely provided limits upon federal court jurisdiction. The federal district court must be extremely careful to be ever mindful of the priorities as defined by Congress and the Constitution of the United States. The federal court has been ordered to give criminal cases first priority, then attend to temporary restraining orders and preliminary injuctions, and next to protect and enforce the federal civil

rights of all persons as embodied in the Declaration of Independence, the federal Constitution and the various federal statutes. It is essential that this Court render swift and sure justice so that violations of these federally protected rights will be redressed and eliminated from our society with all deliberate speed. The use of the additional tools of awarding attorneys' fees and expenses to prevailing plaintiffs insures that persons are not deterred from securing vindication for clear federal violations of their civil rights through the legal process. The duty of this Court is to redress violations of fundamental civil liberties by interpreting and administering the federal law, by resolving disputes thereunder and, in this case, by determining the appropriate damages, if any, for a claim under 29 U.S.C. § 623.

Every day of trial this Court can save, even every hour of trial it can save in one case permits the Court to hear the claim of another litigant. This is of paramount importance and it is the essence of judicial economy. This Court does not do justice for the people of the United States by conducting a trial for weeks when the only federal claim involved could be resolved in a matter of days or hours.

It is imperative that the energies of this Court be focused on enforcing the Constitution and statutes of the United States rather than determining state law disputes, particularly, between citizens of the same state.

The state claims in this case overshadow the federal claim. The legal theories, issues, and remedies involved in the state claims are separate and distinct from those involved in the federal claim. The time and evidence necessary to prove the state claims substantially outweigh that necessary to prove the federal claim. The additional trial time, required to try these state claims, is taken away from the trial time available to hear the claims of violations of civil rights of other equally worthy litigants. The state claims increase the cost of this litigation and the recoverable attorneys' fees. All relevant discovery obtained in the federal case will be available for a later trial in state court. Finally, the appropriate relief which this Court may authorize under the federal claims may render a separate proceeding unnecessary.

This Court will not deny equally deserving federal litigants their day in court in order to hear state claims of citizens of the same state even though the particular plaintiff may be required to file an additional lawsuit in the appropriate state court.

This Court cannot promote or accomplish the intent and purpose of the Age Discrimination in Employment Act when the state law claims in this and other cases dilute this Court's time and primary responsibilities, to enforce the federal civil rights law. In my view, we do injustice to the parties, to the public welfare, and to our system of justice by exercising pendent jurisdiction in most cases.

It is essential to the administration of justice that a court exercise its discretion in a consistent manner, therefore, finding no clearly articulable reason to make an exception to this Court's previous rulings made in other cases involving the same issues, jurisdiction will not be extended to the state claims in this case. *Foltzer v. Lodge & Shipley Co.*, 636 F.Supp. 843 (S.D. Ohio 1986). To rule otherwise would be unjust to the litigants that practice in this Court. Accordingly, in the exercise of discretion and in an attempt to make this forum available to enforce the federal civil rights of all people who petition it, the Court hereby DISMISSES INVOLUNTARILY WITHOUT PREJUDICE all state law claims in this case.

IT IS SO ORDERED.