**Mollie TABER, Plaintiff,**

v.

**The CHRIST HOSPITAL, Defendant.**

C–1–87–352.

United States District Court, S.D. Ohio, W.D.

Oct. 11, 1989.

Paul H. Tobias, Cincinnati, Ohio, for plaintiff.

J. Alan Lips, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court for disposition of multiple motions; defendant's Motion to Decline Pendent Jurisdiction of Count 3 of the Complaint (doc. no. 6), and defendant's Motion for Summary Judgment as to Counts 1 and 2 of the Complaint (doc. no. 16). Memoranda in opposition to and in support of the respective motions have been filed by the parties (doc. nos. 7, 8, 22 and 25). Defendant has additionally requested a hearing on defendant's Motion for Summary Judgment (doc. no. 24). For the reasons contained herein, defendant's Motion to Decline Pendent Jurisdiction of Count 3 is hereby GRANTED; defendant's request for a hearing on defendant's Motion for Summary Judgment is hereby DENIED; and, defendant's Motion for Summary Judgment is hereby GRANTED as to Count 1. Count 2 is hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

### I. Defendant's Motion to Decline Pendent Jurisdiction of Count 3.

Initially before the Court is defendant's Motion to Decline Pendent Jurisdiction of Count 3 of the Complaint asserting breach of employment agreement which is pendent to the age discrimination claims in this case. Plaintiff opposes dismissal of the pendent claims.

The basis for this Court's jurisdiction arises from plaintiff's claims of violations of the Age Discrimination in Employment Act ("ADEA") in 29 U.S.C. § 621 *et seq.* as amended (1978). Since diversity is absent in this case, the age discrimination claims under Ohio Rev.Code § 4101.17 and the additional state claim are brought to this Court upon the theory of pendent jurisdiction.

■ The doctrine of pendent jurisdiction is one of discretion and not of plaintiff's right. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Unnecessary

decision of state law should be avoided by the federal courts as a matter of comity, to promote justice between the parties, and to insure fairness to all litigants. *Id.*

The exercise of judicial economy in the federal district courts is of paramount importance. The Congress of the United States of America wisely provided limits upon federal court jurisdiction. The federal district court must be extremely careful to be ever mindful of the priorities as defined by Congress and the Constitution of the United States. It is essential that this Court render swift and sure justice so that violations of federally protected rights will be redressed and eliminated from our society with all deliberate speed. The duty of this Court is to redress any violations of fundamental civil liberties by interpreting and administering the federal law, by resolving disputes thereunder, and in this case, by determining the appropriate damages, if any, for a claim under 29 U.S.C. § 623.

As this Court has previously noted in *Goff v. The Kroger Co.,* 647 F.Supp. 87 (S.D.Ohio 1986) (Weber, J.), every day of trial this Court can save, even every hour of trial it can save in one case, permits the Court to hear the claim of another litigant. This is of paramount importance and is the essence of judicial economy. This Court does not do justice for the people of the United States by conducting a trial for weeks when only the federal claim involved could be resolved in a matter of days or hours. It is imperative that the energies of this Court be focused upon enforcing the Constitution and statutes of the United States rather than determining state law disputes, particularly between citizens of the same state.

The legal theories, issues and remedies involved in the state claims are separate and distinct from those involved in the federal claim. The time and evidence necessary to prove the state claims substantially outweigh that necessary to prove the federal claim. The additional trial time required to try these state claims therefore takes away from the trial time available to hear claims of violations of civil rights of other

equally worthy litigants. Furthermore, the state claims increase the cost of this litigation and the recoverable attorneys' fees. All relevant discovery obtained in the federal case will be available for a later trial in state court. Finally, the appropriate relief which this Court may authorize under the federal claims may render a separate proceeding unnecessary.

■ This Court cannot promote or accomplish the intent and purpose of the ADEA when state law claims in this and other similar cases dilute this Court's time and primary responsibilities which is to enforce the federal civil rights laws. Thus, an injustice is done to the parties, to the public welfare and to our system of justice by exercising pendent jurisdiction in the majority of cases.

It is essential to the administration of justice that a court exercise its discretion in a consistent manner, therefore, finding no clearly articulable reason to make an exception to this Court's previous rulings in other cases involving the same issues, jurisdiction will not be extended to the state claims in this case. *See Goff, supra; Foltzer v. Lodge & Shipley Co.,* 636 F.Supp. 843 (S.D.Ohio 1986); *Smith v. Meijer of Ohio, Inc.,* 566 F.Supp. 113 (S.D.Ohio 1983). In the exercise of discretion and in an attempt to enforce the rights of the plaintiff, this Court hereby GRANTS defendant's Motion to Decline Pendent Jurisdiction of Count 3 (doc. no. 6). Accordingly, Count 3 of the Complaint is hereby DISMISSED WITHOUT PREJUDICE.

## II. Defendant's Motion for Summary Judgment.

Secondly before the Court, is defendant's Motion for Summary Judgment as to Counts 1 and 2 of the Complaint which allege age discrimination under the Age Discrimination in Employment Act ("ADEA") and Ohio Rev.Code § 4101.17, respectively. Plaintiff has opposed the granting of summary judgment as to those claims.

The chronology of events leading to plaintiff's discharge are relatively brief. Plaintiff, Mollie Taber, was hired as a flat

work ironer/operator in 1962 in The Christ Hospital Laundry Department. Plaintiff worked exclusively in the Hospital's Laundry Department under the direction of Everett Hall and was promoted to various positions during her 22 years of service. In September of 1979, plaintiff was appointed Assistant Director of the Laundry/Textile Services Department. Approximately four years later, November, 1983, Sue Byrd became Director of the Laundry Department, replacing Former Director, Everett Hall. It appears that plaintiff had unsuccessfully applied for that position. The chain of authority which thereafter arose involved Byrd reporting to James Tomaszewski, Associate Vice President of Support Services, who, in turn, reported to Buddy Wiggs, the Hospital's Executive Vice President.

The record indicates that on December 11, 1983, one month after Byrd became Director, she completed her first annual performance appraisal of Taber. Of the three options available (Commendable, Competent, Marginal), the review reveals Taber's performance was rated as "competent." As an aside, the Court has noted that in 1983, plaintiff received the Outstanding Non–Nursing Employee Award which is given by the medical and dental staff of Christ Hospital. On July 5, 1984, nearly six months after Taber's annual evaluation, Byrd completed a second performance appraisal in which Taber was reviewed as "marginal" and several areas were suggested for improvement. The record suggests that Byrd discussed these areas with Taber before and after that review.

Byrd completed a third performance appraisal for Taber dated November 27, 1984 which was signed by Taber on January 9, 1985. Taber was reviewed as "competent" and it appears that plaintiff had shown some improvement. Again, the Court has noted that in 1984, plaintiff received the Laundry Manager of the Year Award sponsored by the Southwestern Ohio Institutional Laundry Managers Association, an independent entity. The record demonstrates, however, that after this appraisal, Byrd continued to meet with Taber to dis-

cuss improvement in her performance and also to advise Taber of Byrd's concerns about her dissatisfaction with Taber's performance thus far. The record indicates that during these reviews, Byrd had apprised Tomaszewski of the ongoing problems with Taber. Tomaszewski had also met with Taber directly to discuss Byrd's concerns.

Sometime after Taber's January, 1985 review, Taber, Byrd and Tomaszewski met to discuss the concerns about Taber's performance. A subsequent meeting between Byrd and Tomasewski occurred about a week later. Following these meetings, Tomasewski and Byrd met with Wiggs and Jim Taylor, Head of the Hospital's Human Resources Department, to review the situation. At that time, a decision was made to discharge Taber.

Byrd thereafter met with Taber and gave her a letter dated May 7, 1985 terminating her employment effective May 8, 1985. The letter states in full:

This letter provides formal notification that your employment at The Christ Hospital, as Assistant Director, Laundry/Textile Services, has been terminated effective May 8, 1985.

This decision has been reached as a result of your failure to perform your managerial duties in an effective and competent manner and as a result of your failure to make continual improvements in the performance of your duties.

Repeated sessions of counselling, beginning in July, 1984, stress the importance of communication, effective decision making and consistency in application of policy and procedure. Since that time, substantial improvement has not been noted.

At the time of plaintiff's dismissal, she was 42 years of age. It is plaintiff's assertion, that after her dismissal, her functions were assumed by younger employees; Barbara Dean and Greg Willwerth. Dean was subsequently promoted to be a Supervisor and apparently performed Taber's functions and acted as Taber's replacement. Plaintiff further asserts that defendant did

not offer plaintiff another job in the Hospital or consider her for any other position. Plaintiff also asserts that the Company discharged her without going through the third level discharge procedures. There was no probation period, no suspension, no final warning, no prior formal notice, and no 90–day review as required by defendant's procedures. Nor did plaintiff receive Form HR–116, Notice of Disciplinary Action at any time during 1985. Finally, plaintiff asserts that the Director of Human Resources was not consulted concerning the merits of plaintiff's dismissal.

The legal standard for consideration and disposition of issues on summary judgment are well settled. Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence presented on a motion for summary judgment is construed in favor of the party opposing the motion who is given the benefit of all favorable inferences that can be drawn therefrom. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (original emphasis).

Summary judgment should not be granted unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id.*

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 472, 82 S.Ct. 486, 490, 7 L.Ed.2d 458 (1962). "[T]he issue of material fact required by Rule 56(c) ... to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979), the United States Supreme Court has recently stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather than as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id.* 106 S.Ct. at 2553; *Anderson*, 106 S.Ct. at 2511.

As the United States Court of Appeals for the Sixth Circuit has pointed out in *Chappell v. G.T.E. Products Corp.*, 803 F.2d 261 (6th Cir.1986), the evidentiary guidelines governing proof in discrimination cases was first set out in *McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), (construing Title VII) and the same analysis is generally applied in ADEA cases. *Coburn*

*v. Pan American World Airways, Inc.,* 711 F.2d 339, 342 (D.C.Cir.1983), *cert. denied,* 464 U.S. 994, 104 S.Ct. 488, 78 L.Ed.2d 683 (1983). A three-step judicial procedure allocates the shifting burdens of production of evidence by the parties. "The burden of production rests first on the plaintiff to establish his prima facie case, then on the defendant to articulate some legitimate non-discriminatory reason for the employee's rejection and finally again on the plaintiff to show the defendant's reasons were pretextual. *Chappell,* 803 F.2d at 265. Although the burden of production shifts, the burden of persuasion remains at all times with the plaintiff. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

In cases brought under the ADEA, a plaintiff has the ultimate burden of proving that age was a determining factor in the employer's decision in order to establish liability. *Blackwell v. Sun Electric Corp.,* 696 F.2d 1176, 1180 (6th Cir.1983). When there is more than one reason advanced for an employer's decision, the plaintiff may prevail if he establishes that "but for" a discriminatory motive, the action would not have been taken. *Wilkins v. Eaton Corp.,* 790 F.2d 515, 520 (6th Cir.1986).

■ To make out a prima facie case, the plaintiff must demonstrate as a threshold matter: 1) she was a member of a protected class (at least 40 years of age); 2) she was subjected to adverse employment action; 3) she was qualified for the position; and 4) she was replaced by a younger person. *Simpson v. Midland Ross Corp.,* 823 F.2d 937, 940 (6th Cir.1987). The third element may be replaced with a showing "that she was doing her job well enough to meet the employer's legitimate expectations," *Chappell,* 803 F.2d at 266, however, 'qualified' for a position means that the individual was doing her job well enough to rule out the possibility that she was fired for inadequate job performance, absolute or relative." *Wilkins v. Eaton Corp.,* 790 F.2d at 521.

Once the Court has found that plaintiff has established a prima facie case, the burden of production shifts to defendant to produce admissible evidence of a non-discriminatory reason for the challenged action. The defendant "need not persuade the trier of fact that it was actually motivated by the proffered reasons," *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094, but need only produce admissible evidence which would allow a trier of fact to rationally conclude that the employment decision had not been motivated by discriminatory animosity. *Id.* at 257, 101 S.Ct. at 1095–96.

Once a defendant has articulated legitimate, non-discriminatory reasons for its action, the burden shifts to plaintiff to prove by a preponderance of the evidence that those reasons were a pretext for intentional age discrimination. *Davis v. Combustion Engineering, Inc.,* 742 F.2d 916, 921 (6th Cir.1984).

Three ways in which a plaintiff may establish that defendant's reasons for laying off plaintiff were not credible are: 1) by showing the reasons had no basis in fact; 2) if they had a basis in fact, by showing that they were not the actual factors motivating the discharge; or 3) if they were factors, by showing that they were jointly insufficient to motivate the discharge. *Chappell,* 803 F.2d at 266. The fact-finder may not, however, focus on the soundness of an employer's business judgment. *Wilkins,* 790 F.2d at 521. The basis of this reasoning is that the ADEA was only intended to "protect the older worker from arbitrary classifications on the basis of age...." *Blackwell,* 696 F.2d at 1179. The ADEA did not change the fact that an employer may make a subjective judgment to discharge an employee *for any reason that is not discriminatory. Ackerman,* 670 F.2d at 70. In other words, when an employer meets its burden of articulating the legitimate non-discriminatory reason for discharge, the presumption of discrimination created by establishing a prima facie case is destroyed. *Wilkins,* 790 F.2d at 521. The factual inquiry encompassing the ultimate question in the case then "proceeds to a new level of specificity." *United States Postal Service Board of Gover-*

**1242**

*nors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983).

The dispositive motivational issue requires a consideration of the two opposing reasons for discharge to determine whether plaintiff's discharge would not have occurred but for defendant's motive to discriminate against her because of her age. *Wilkins,* 790 F.2d at 522. The burden of producing evidence of pretext essentially merges with the burden of persuasion which always lies with the plaintiff. Often, plaintiffs have a difficult task in meeting their burden of persuasion in ADEA cases, although they have only to show that age was "a" and not "the" determining factor in the employer's personnel decision. *Chappell,* 803 F.2d at 266. Typically, they must rely on such circumstantial evidence as differential treatment, inconsistent records, or statistical evidence of discrimination in order to establish the necessary inferences. *Id.* If the plaintiff has failed to carry this ultimate burden of production, the Court is compelled to grant judgment for the defendant. *Wilkins,* 790 F.2d at 522.

■ The Court has reviewed the arguments made by the parties and has applied the principles of controlling law to the facts presented. This Court finds that the plaintiff has not sustained her burden under the foregoing standard. Although this Court has some concerns with whether plaintiff has established a prima facie case, the Court has viewed the evidence in a light most favorable to the plaintiff and drawn all justifiable inferences in her favor. This Court finds that there is no genuine issue of material fact that enables the plaintiff to establish by any statistic, inference or manner of treatment that the defendant's legitimately articulated reasons for her discharge are but a mere pretext for the defendant's discriminatory motive.

The record indicates that plaintiff's performance came to issue in close proximity to the time a new director of the Laundry Department was appointed. This Court is mindful that the plaintiff applied for that particular position, was recommended for it, may have been qualified for it, but was not selected. Although it appears plaintiff's relationship with her superiors may have become strained, this Court is unwilling to speculate on the reasons plaintiff was not selected to that position but does point out that for the purposes this matter is before the Court, the record indicates that age was not a factor in that decision. Rather, the record reveals that the individual selected, Sue Byrd, is *older* than the plaintiff. There is also evidence that this was an era of change and challenge for the Laundry Department, the Department was over budget and the Department was looking for someone with "new ideas." *See Gagné v. Northwestern Nat. Ins. Co.,* 881 F.2d 309 (6th Cir.1989).

Plaintiff has asserted in support of her age discrimination claim that Byrd showed favoritism to other employees, did not transfer or demote plaintiff and did not give plaintiff a warning prior to her discharge. This Court finds a lack of any significantly probative or colorable evidence in the record that creates a genuine issue of material fact to support plaintiff's ADEA claim. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Rather, plaintiff's assertions lend themselves to the overtones of a disgruntled and resentful employee as opposed to an aggrieved, scathed and mistreated individual.

The plaintiff has also asserted that younger employees have assumed her responsibilities since her discharge. It is natural to an extent for older employees to be replaced by younger employees through the business cycles of any institution. Even though some of the plaintiff's responsibilities were assumed by Greg Willwerth and Betty Jo Dean, the record indicates Ms. Dean had previously performed some of these duties and had done so in a more efficient manner. There is a further indication that Byrd had suggested Ms. Dean and plaintiff "trade" positions. This Court finds these actions supportive of defendant's position of inadequate job performance on behalf of the plaintiff.

■ In reviewing this matter, this Court is mindful that the only reference to age in

**1243**

the entire record is in regard to an alleged statement made by Greg Willwerth, a subordinate of the plaintiff, that Mr. Hall was "too old to be there and should retire early." This Court finds that such statements are irrelevant and inadmissible. *Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152, 156 (6th Cir.1988). *See also Gagné v. Northwestern Nat. Ins. Co.*, 881 F.2d 309 (6th Cir.1989).

The Court has carefully and indulgently considered plaintiff's positions and finds that the defendant has clearly articulated a legitimate and non-discriminatory reason for plaintiff's discharge which cannot be rebutted by the plaintiff. Again, this Court must emphasize that the ADEA does not preclude an employer from making a subjective business judgment to discharge an employee for a reason which is not discriminatory. *Ackerman*, 670 F.2d at 70. The present action is the result of this type of subjective business decision.

Accordingly, this Court finds that plaintiff has failed to sustain her burden as no genuine issue of material fact exists on plaintiff's claim under the ADEA. This Court expresses no opinion on the merits of plaintiff's state law claims but finds only that plaintiff's claim under 29 U.S.C. § 621 *et seq.* is hereby dismissed with prejudice.

In conclusion, defendant's Motion to Decline Pendent Jurisdiction of Count 3 (doc. no. 6) is hereby GRANTED. Defendant's request for a hearing on the Motion for Summary Judgment (doc. no. 24) is hereby DENIED. Defendant's Motion for Summary Judgment as to Counts 1 and 2 of the Complaint (doc. no. 16) is hereby GRANTED as to Count 1 under the Age Discrimination in Employment Act. Accordingly, Count 1 is hereby DISMISSED WITH PREJUDICE. Count 2 under Ohio Rev. Code § 4101.17 is hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS SO ORDERED.